T.C. Memo. 1997-367

UNITED STATES TAX COURT

RICHARD JACKSON SLEEPER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9231-96.                    Filed August 11, 1997.

Richard Jackson Sleeper, pro se.

Alvin A. Ohm, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1] Respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $3,232, $4,089, and $4,001 for the taxable years 1992, 1993, and 1994, respectively. The issue for decision is

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

whether petitioner engaged in tournament fishing for profit during the years in issue.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Dallas, Texas, at the time his petition was filed.

During the years in issue, petitioner was employed full time by Gourmet Award Foods as a regional sales manager in Duncanville, Texas. Petitioner received wage income in the amounts of $54,489, $47,684, and $47,000 in 1992, 1993, and 1994, respectively. Petitioner also received income from the sale of assets in each of these years in the amounts of $5,013, $9,102, and $10,233.

Petitioner became interested in tournament fishing sometime in 1989 or 1990. He had friends who were involved in the activity, and he traveled to lakes with them in order to obtain knowledge about fishing. To learn about tournament fishing, petitioner met other fishermen at these lakes and watched fishing programs on television. Petitioner had not engaged in fishing prior to this time, although he had fished with his father on occasion when he was younger. Petitioner began to participate in tournaments, specifically bass tournaments, in 1990 or 1991.

The tournaments in which petitioner fished were conducted within the State of Texas. Petitioner fished in some circuit

tournaments, including Bass and Buddy tournaments and Angler's Choice tournaments, and some individual tournaments such as the McDonald's tournaments. Typically, tournament participants had to be out on the lake by 6 or 7 in the morning and fished until 3:30 in the afternoon. Petitioner owned his own boat for fishing. Petitioner estimated that he competed in 15 to 20 tournaments in each of the years 1991 and 1992, 10 or 11 tournaments in 1993 and 1994, and about 20 in 1995.

Generally, an entry fee was required in order to participate in tournaments. The fees charged varied among tournaments, and, within some tournaments, amateurs and professional paid different fees.

Petitioner found that the largest constraint on his participation in tournament fishing was time. Generally, he was only able to practice and participate in tournaments on the weekends because he worked full time.

Petitioner retained copies of receipts for his expenditures, as well as the canceled checks related to tournament fishing, in envelopes by year. Petitioner also maintained log books. These books contained information on each of the tournaments in which petitioner participated, including such information as what he caught, what he used to catch it, the weather conditions, the temperature, the lakes fished, and the days on which he fished.

During the years in issue, petitioner earned some gross income from the tournaments in which he participated. However, petitioner has never earned income in excess of his expenses from tournament fishing, including years subsequent to those at issue. Petitioner could not predict when the activity might become profitable.

At sometime, petitioner acquired a corporate sponsor, Luhr Jensen, a lure manufacturer. The sponsor did not pay petitioner any endorsement fees; however, he was allowed to purchase lures at a discount. Petitioner also participated in some seminars on behalf of Luhr Jensen. Petitioner's photograph and testimonial were displayed in an advertisement for a video on how to obtain corporate sponsorship. However, it is unclear whether this occurred during or after the years in issue. Moreover, it does not appear that petitioner received compensation for this endorsement.

In 1993, petitioner consulted a certified public accountant with respect to the preparation of his income tax returns. The accountant informed petitioner that if he were engaged in tournament fishing for profit, his related expenses would be deductible.

On Schedule C of his Federal income tax return for 1992, petitioner reported gross receipts in the amount of $2,835 and deductions in the amount of $13,398 from tournament fishing.

Petitioner claimed a loss in the amount of $10,563 from this activity. On his 1993 return, petitioner reported gross receipts of $1,350, less deductions in the amount of $14,891, for a loss of $13,541 from this activity. For 1994, petitioner claimed a loss of $14,329 from tournament fishing resulting from gross receipts in the amount of $2,100, less expenses of $16,429.

In the notice of deficiency, respondent disallowed petitioner's claimed losses from tournament fishing for each of the years in issue because petitioner had not established that he was involved in the activity for profit, and, thus, the limitation of section 183 applied. As a computational result of these adjustments, respondent disallowed a portion of petitioner's itemized deductions in the amounts of $1,003, $1,286, and $642 for 1992, 1993, and 1994, respectively.

Respondent's determinations are presumed correct, and petitioner bears the burden of proving them erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Section 183 generally limits allowable deductions attributable to an activity to the extent of gross income from that activity if the taxpayer engages in such activity without the objective of profit. Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." Whether

petitioner was engaged in tournament fishing for profit depends on whether he was so engaged "with an 'actual and honest' objective of making a profit." Elliott v. Commissioner, 90 T.C. 960, 970 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Although a reasonable expectation of profit is not required, petitioner's profit objective must have been bona fide. Hulter v. Commissioner, 91 T.C. 371, 393 (1988). Whether petitioner possessed the necessary objective is a question of fact to be determined based on all facts and circumstances, and petitioner bears the burden of proving such objective. Taube v. Commissioner, 88 T.C. 464, 480 (1987).

The regulations set forth the following nonexclusive factors to consider in determining whether an activity is engaged in for profit: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal

pleasure or recreation are involved.  Sec. 1.183-2(b), Income Tax Regs.

The balance of the relevant factors tends to support respondent's position that petitioner did not engage in tournament fishing for profit.  Petitioner maintained some records; however, he has not suggested or shown that he did so in order to conduct his activity in a more profitable manner. Although petitioner was gaining expertise in fishing over the years, when he commenced the activity he was a recreational fishermen, and he did not consult with any advisers, at any time, concerning the profitability associated with this type of activity.  Petitioner never earned a profit from tournament fishing, nor could he project when he might do so.  Furthermore, the losses claimed by petitioner in the years in issue produced a tax benefit by reducing his income tax liability in each year. Finally, petitioner derived personal pleasure from this activity. He testified that he chose to compete in bass tournaments, as opposed to those for other types of fish, because bass are tough and he enjoys challenges.

On the other hand, some evidence favors petitioner. Petitioner devoted a significant amount of his free time to practicing for, and participating in, tournament fishing.  In addition, petitioner worked at securing corporate sponsorship. However, this effort does not appear to have been directed at

making a profit because such sponsorship was not financially rewarding.

Petitioner argues that a taxpayer may be engaged in an activity for profit even if losses are sustained for a number of years.  See, e.g., <u>Keanini v. Commissioner</u>, 94 T.C. 41 (1990); <u>Kimbrough v. Commissioner</u>, T.C. Memo. 1988-185.  However, as stated above, whether a taxpayer is engaged in an activity for profit depends upon the specific facts and circumstances of the individual case.  Based on our analysis of the factors, we conclude that petitioner did not engage in tournament fishing with the requisite profit objective.  See <u>Connolly v. Commissioner</u>, T.C. Memo. 1994-218, affd. without published opinion 58 F.3d 637 (5th Cir. 1995).  Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.